IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,278-01




EX PARTE ROCKY MOHAMMAD MOHSEN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 4337 IN THE 84TH JUDICIAL DISTRICT COURT
FROM OCHILTREE COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced by a jury to twenty years’ imprisonment. He
later waived his direct appeal in exchange for a reduction of his sentence to fifteen years’
imprisonment, and the removal of a drug free zone finding from his judgment.
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance for a
number of reasons. The habeas record does not contain an affidavit from counsel, an answer from
the State, or findings of fact from the trial court. Nor is there sufficient information regarding
Applicant’s trial and appeal to properly address Applicant’s claims. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial and appellate counsel, and the prosecuting attorney with the
opportunity to respond to Applicant’s claims of ineffective assistance of counsel. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to how many witnesses the State presented at
Applicant’s trial, and as to how many of those witnesses were accomplice witnesses. The trial court
shall make findings as to whether the State presented evidence or testimony to corroborate the
testimony of accomplice witnesses, and as to whether defense counsel requested an instructed verdict
or an instruction on the corroboration requirement for accomplice witness testimony. If not, the trial
court shall make findings as to why not. 
            In relation to the allegations of perjury, the trial court shall also make findings as to whether
there was contradictory testimony at trial as to how long Applicant had been in the United States,
and if so, whether defense counsel sought to impeach the testimony of the State’s witness that he had
known Applicant and had been purchasing drugs from Applicant for three to six months. The trial
court shall make findings as to whether defense counsel was in possession of Applicant’s plane
ticket, and if so, why he did not introduce the ticket into evidence. 
            The trial court shall make findings as to whether the motion for change of venue filed by
counsel prior to trial was denied because it did not conform to the requirements of Tex. Code Crim.
Proc. art. 31.03. 
            The trial court shall also make findings as to whether Applicant’s appointed trial counsel was,
at the time of Applicant’s trial, a law partner with the prosecutor who prosecuted Applicant’s trial. 
The trial court shall make findings concerning Applicant’s second claim as to whether there was any
indication that the jury had been influenced by an outside party having ex parte communications with
jurors during trial, and if so what the nature of such communications were, and whether defense
counsel objected or filed a motion for new trial to introduce evidence of such improper outside
influence. 
            Next, with respect to direct appeal, the trial court shall make findings as to whether
Applicant’s trial counsel was also appointed to represent him on direct appeal. If there exists an
appellate record or trial transcript, the trial court shall supplement the habeas record with a copy of
such record or transcript. The trial court shall make findings as to how Applicant’s waiver of appeal
and reduction in sentence came about, and as to what advice Applicant was given with respect to
such agreement.
            The trial court shall make findings as to whether the performance of Applicant’s trial attorney
was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 15, 2010
Do not publish